```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :    SEALED SUPERSEDING
                                         :    INDICTMENT
    - v. -                               :
                                         :    S4 19 Cr. 833 (SHS)
JENNIFER SHAH, and                       :
STUART SMITH,                            :
                                         :
                   Defendants.           :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

OVERVIEW OF THE SCHEME

1. From at least in or about 2012 until at least in or about March 2021, in the Southern District of New York and elsewhere, JENNIFER SHAH and STUART SMITH, the defendants, together with others known and unknown (collectively, the "Participants") carried out a wide-ranging telemarketing scheme that defrauded hundreds of victims (the "Victims") throughout the United States, many of whom were over age 55, by selling those Victims so-called "business services" in connection with the Victims' purported online businesses (the "Business Opportunity Scheme").

2. In order to perpetrate the Business Opportunity Scheme, Participants, including JENNIFER SHAH and STUART SMITH, the defendants, engaged in a widespread, coordinated effort to

traffic in lists of potential victims, or "leads," many of whom had previously made an initial investment to create an online business with other Participants in the Scheme. Leads were initially generated by sales floors operating in, among other places, Arizona, Nevada and Utah. The owners and operators of those sales floors operated in coordination with several telemarketing sales floors in the New York and New Jersey area, including in Manhattan, and provided lead lists and assistance in fighting Victim refund requests to other Participants operating those floors.

3. JENNIFER SHAH and STUART SMITH, the defendants, among other things, generated and sold leads to other Participants for use by their telemarketing sales floors with the knowledge that the individuals they had identified as "leads" would be defrauded by the other Participants. SHAH and SMITH yielded a share of the fraudulent revenue per the terms of their agreement with those Participants. SHAH and SMITH often controlled each aspect of the frauds perpetrated by other Participants on the individuals they had identified by, among other things, determining which "coaching" sales floor could buy leads from them, selecting the downstream sales floors that the "coaching" sales floor was permitted to pass the leads along to, choosing the firm(s) to provide "fulfillment" services, that is, documents and records purporting to demonstrate that the

services the Participants claimed to provide to those Victims were actual and legitimate, setting how much the downstream sales floors could charge, and determining which "products" each of the downstream sales floors could sell.

4. To perpetrate the Business Opportunity Scheme, certain of the Participants sold alleged services purporting to make the management of Victims' businesses more efficient or profitable, including tax preparation or website design services, notwithstanding that many Victims were elderly and did not own a computer. At the outset of the Business Opportunity Scheme, certain Participants employed by a purported fulfillment company sent a given Victim electronic or paper pamphlets or provided so-called "coaching sessions" regarding these purported online businesses, but at no point did the defendants intend that the Victims would actually earn any of the promised return on their intended investment, nor did the Victims actually earn any such returns.

5. JENNIFER SHAH and STUART SMITH, the defendants, undertook significant efforts to conceal their roles in the Business Opportunity Scheme. For example, SHAH and SMITH, among other things, incorporated their business entities using third parties' names and instructed other Participants to do the same, used and directed others to use encrypted messaging applications to communicate with other Participants, instructed other

Participants to send SHAH's and SMITH's share of certain fraud proceeds to offshore bank accounts, and made numerous cash withdrawals structured to avoid currency transaction reporting requirements.

## STATUTORY ALLEGATIONS

6. From at least in or about 2012 up to and including at least in or about March 2021, in the Southern District of New York and elsewhere, JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud in connection with the conduct of telemarketing, as that term is defined in Title 18, United States Code, Section 2325, which did victimize ten and more persons over the age of 55, in violation of Title 18, United States Code, Sections 1343 and 2326.

7. It was a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme

and artifice, in violation of Title 18, United States Code, Sections 1343 and 2326, to wit, SHAH, SMITH, and others induced and caused victims, many of whom were over the age of 55, to pay thousands of dollars to obtain so-called "coaching" and "business services," which they represented would make the management of the victims' purported online businesses more efficient and/or profitable, when, in actuality, the "services" would provide little or no value to the victims' businesses, which were essentially non-existent.

(Title 18, United States Code, Sections 1349, 2326(1), & 2326(2)(A).)

## COUNT TWO
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1 through 5 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

9. From at least in or about 2012 up to and including at least in or about November 2019, in the Southern District of New York and elsewhere, JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (a)(1)(B)(ii), and 1957(a).

10. It was a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

11. It was further a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under state or federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

12. It was further a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, within the United States, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

13. As a result of committing the offense alleged in Count One of this Superseding Indictment, JENNIFER SHAH and STUART SMITH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of said offense; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of said offense including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to

the commission of said offense and the following specific property:

    a. The real property described as 3241 North 700th West, Lehi, Utah 84043.

14. As a result of committing the offense alleged in Count Two of this Superseding Indictment, JENNIFER SHAH and STUART SMITH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the specific property set forth above in paragraph 13(a).

### Substitute Asset Provision

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

     (Title 18, United States Code, Section 982;
    Title 21, United States Code, Section 853; and
     Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JENNIFER SHAH, and
STUART SMITH,

Defendants.

**SEALED SUPERSEDING INDICTMENT**

S4 19 Cr. 833 (SHS)

(18 U.S.C. §§ 1349, 1956(h), and 2326.)

AUDREY STRAUSS
United States Attorney

_____
Foreperson