CJA,DT_PEAD
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CRIMINAL DOCKET FOR CASE #: 2:21-mj-00255-DBP-1

Case title: USA v. Shah

Other court case number: S4 19 Cr. 833 (SHS) Southern District of New York

Date Filed: 03/30/2021

Assigned to: Magistrate Judge Dustin B. Pead

**Defendant (1)**

**Jennifer Shah**  represented by  **Sam Meziani**
GOEBEL ANDERSON PC
405 S MAIN ST STE 200
SALT LAKE CITY, UT 84111
801-441-9393
Email: smeziani@gapclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**  **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**  **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**  **Disposition**

18:1349 – Conspiracy to Commit Wire Fraud; 18:1956 – Conspiracy to Commit Money

Laundering

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Kevin L. Sundwall** <br> US ATTORNEY'S OFFICE <br> 111 S MAIN ST STE 1800 <br> SALT LAKE CITY, UT 84111–2176 <br> (801)524–5682 <br> Email: kevin.sundwall@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Assistant US Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/30/2021 | 1 | | Arrest (Rule 5) of Jennifer Shah Warrant out of the USDC Southern District of New York. Assigned to Magistrate Judge Dustin B. Pead. (tls) (Entered: 03/30/2021) |
| 03/30/2021 | 2 | | Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead: Initial Appearance/Detention Hearing in Rule 5/5.1 Proceedings as to Jennifer Shah held on 3/30/2021. Defendant present with counsel and in custody. All parties appearing in person. Defendant is advised of rights and penalties. Waiver of Identity hearing is entered on the record. Government does not seek detention in this matter. The Court hears from the parties regarding proposed conditions of release. The Court imposes conditions and orders defendants release from USMS custody. SEE ORDER SETTING CONDITIONS OF RELEASE. Defendant agrees to all conditions of release on the record. Attorney for Plaintiff: Kevin Sundwall, Attorney for Defendant: Sam Meziani, CJA. Interpreter: Not Needed. Probation Officer: Jacob King. Court Reporter: Electronic/Zoom – Teena Green. (tls) (Entered: 03/30/2021) |
| 03/30/2021 | 3 | | DOCKET TEXT Order of Temporary Appointment of CJA Counsel as to Jennifer Shah: Appointment of Attorney Sam Meziani for Jennifer Shah, for the limited purpose of assisting with Rule 5 Initial Appearance held on 03/30/2021. No attached document. Signed by Magistrate Judge Dustin B. Pead on 03/30/2021. (tls) (Entered: 03/30/2021) |
| 03/30/2021 | 4 | | WAIVER of Rule 5(c)(3) Hearing by Jennifer Shah. (tls) (Entered: 03/30/2021) |
| 03/30/2021 | 5 | | ORDER Setting Conditions of Release as to Jennifer Shah. NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case Signed by Magistrate Judge Dustin B. Pead on 03/30/2021. (tls) (Entered: 03/30/2021) |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :   SEALED SUPERSEDING
                                         :   INDICTMENT
     - v. -                              :
                                         :   S4 19 Cr. 833 (SHS)
JENNIFER SHAH, and                       :
STUART SMITH,                            :
                                         :
                    Defendants.          :
                                         :
- - - - - - - - - - - - - - - - - - - - X
```

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

OVERVIEW OF THE SCHEME

1. From at least in or about 2012 until at least in or about March 2021, in the Southern District of New York and elsewhere, JENNIFER SHAH and STUART SMITH, the defendants, together with others known and unknown (collectively, the "Participants") carried out a wide-ranging telemarketing scheme that defrauded hundreds of victims (the "Victims") throughout the United States, many of whom were over age 55, by selling those Victims so-called "business services" in connection with the Victims' purported online businesses (the "Business Opportunity Scheme").

2. In order to perpetrate the Business Opportunity Scheme, Participants, including JENNIFER SHAH and STUART SMITH, the defendants, engaged in a widespread, coordinated effort to

3

traffic in lists of potential victims, or "leads," many of whom had previously made an initial investment to create an online business with other Participants in the Scheme. Leads were initially generated by sales floors operating in, among other places, Arizona, Nevada and Utah. The owners and operators of those sales floors operated in coordination with several telemarketing sales floors in the New York and New Jersey area, including in Manhattan, and provided lead lists and assistance in fighting Victim refund requests to other Participants operating those floors.

3. JENNIFER SHAH and STUART SMITH, the defendants, among other things, generated and sold leads to other Participants for use by their telemarketing sales floors with the knowledge that the individuals they had identified as "leads" would be defrauded by the other Participants. SHAH and SMITH yielded a share of the fraudulent revenue per the terms of their agreement with those Participants. SHAH and SMITH often controlled each aspect of the frauds perpetrated by other Participants on the individuals they had identified by, among other things, determining which "coaching" sales floor could buy leads from them, selecting the downstream sales floors that the "coaching" sales floor was permitted to pass the leads along to, choosing the firm(s) to provide "fulfillment" services, that is, documents and records purporting to demonstrate that the

services the Participants claimed to provide to those Victims were actual and legitimate, setting how much the downstream sales floors could charge, and determining which "products" each of the downstream sales floors could sell.

4. To perpetrate the Business Opportunity Scheme, certain of the Participants sold alleged services purporting to make the management of Victims' businesses more efficient or profitable, including tax preparation or website design services, notwithstanding that many Victims were elderly and did not own a computer. At the outset of the Business Opportunity Scheme, certain Participants employed by a purported fulfillment company sent a given Victim electronic or paper pamphlets or provided so-called "coaching sessions" regarding these purported online businesses, but at no point did the defendants intend that the Victims would actually earn any of the promised return on their intended investment, nor did the Victims actually earn any such returns.

5. JENNIFER SHAH and STUART SMITH, the defendants, undertook significant efforts to conceal their roles in the Business Opportunity Scheme. For example, SHAH and SMITH, among other things, incorporated their business entities using third parties' names and instructed other Participants to do the same, used and directed others to use encrypted messaging applications to communicate with other Participants, instructed other

Participants to send SHAH's and SMITH's share of certain fraud proceeds to offshore bank accounts, and made numerous cash withdrawals structured to avoid currency transaction reporting requirements.

## STATUTORY ALLEGATIONS

6. From at least in or about 2012 up to and including at least in or about March 2021, in the Southern District of New York and elsewhere, JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud in connection with the conduct of telemarketing, as that term is defined in Title 18, United States Code, Section 2325, which did victimize ten and more persons over the age of 55, in violation of Title 18, United States Code, Sections 1343 and 2326.

7. It was a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme

and artifice, in violation of Title 18, United States Code, Sections 1343 and 2326, to wit, SHAH, SMITH, and others induced and caused victims, many of whom were over the age of 55, to pay thousands of dollars to obtain so-called "coaching" and "business services," which they represented would make the management of the victims' purported online businesses more efficient and/or profitable, when, in actuality, the "services" would provide little or no value to the victims' businesses, which were essentially non-existent.

(Title 18, United States Code, Sections 1349, 2326(1), & 2326(2)(A).)

## COUNT TWO
### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

8. The allegations contained in paragraphs 1 through 5 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

9. From at least in or about 2012 up to and including at least in or about November 2019, in the Southern District of New York and elsewhere, JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (a)(1)(B)(ii), and 1957(a).

7

10. It was a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

11. It was further a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions, to wit, cash transactions and wire transfers, represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under state or federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

12. It was further a part and an object of the conspiracy that JENNIFER SHAH and STUART SMITH, the defendants, and others known and unknown, within the United States, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

### FORFEITURE ALLEGATIONS

13. As a result of committing the offense alleged in Count One of this Superseding Indictment, JENNIFER SHAH and STUART SMITH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(8), any and all real or personal property used or intended to be used to commit, to facilitate, or to promote the commission of said offense; and any and all real or personal property constituting, derived from, or traceable to the gross proceeds that the defendant obtained directly or indirectly as a result of said offense including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to

the commission of said offense and the following specific property:

   a. The real property described as 3241 North 700th West, Lehi, Utah 84043.

14. As a result of committing the offense alleged in Count Two of this Superseding Indictment, JENNIFER SHAH and STUART SMITH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the specific property set forth above in paragraph 13(a).

### Substitute Asset Provision

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JENNIFER SHAH, and
STUART SMITH,

Defendants.

**SEALED SUPERSEDING INDICTMENT**

S4 19 Cr. 833 (SHS)

(18 U.S.C. §§ 1349, 1956(h), and 2326.)

AUDREY STRAUSS
United States Attorney

_____
Foreperson

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Sam Meziani (bwoods@gapclaw.com, kharwood@gapclaw.com,
smeziani@gapclaw.com), Kevin L. Sundwall (caseview.ecf@usdoj.gov,
kevin.sundwall@usdoj.gov, libby.oberg@usdoj.gov), Magistrate Judge Dustin B. Pead
(aimee_nagles@utd.uscourts.gov, dustin_pead@utd.uscourts.gov,
matthew_willey@utd.uscourts.gov, teri_sparrow@utd.uscourts.gov,
utdecf_pead@utd.uscourts.gov)
--Non Case Participants: CJA Supervising Attorney (rebecca_skordas@utd.uscourts.gov)
--No Notice Sent:

Message-Id:4761065@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00255-DBP USA v. Shah Order Appointing CJA Counsel
```
Content−Type: text/html

**If you need assistance, call the Help Desk at (801)524−6100.**

## US District Court Electronic Case Filing System

## District of Utah

### Notice of Electronic Filing

The following transaction was entered on 3/30/2021 at 5:01 PM MDT and filed on 3/30/2021

| | |
|---|---|
| **Case Name:** | USA v. Shah |
| **Case Number:** | 2:21−mj−00255−DBP |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
 **DOCKET TEXT Order of Temporary Appointment of CJA Counsel as to Jennifer Shah: Appointment of Attorney Sam Meziani for Jennifer Shah, for the limited purpose of assisting with Rule 5 Initial Appearance held on 03/30/2021. No attached document.**

Signed by Magistrate Judge Dustin B. Pead on 03/30/2021. (tls)
**2:21−mj−00255−DBP−1 Notice has been electronically mailed to:**

Kevin L. Sundwall     kevin.sundwall@usdoj.gov, CaseView.ECF@usdoj.gov, libby.oberg@usdoj.gov

Sam Meziani     smeziani@gapclaw.com, bwoods@gapclaw.com, kharwood@gapclaw.com

**2:21−mj−00255−DBP−1 Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Sam Meziani (bwoods@gapclaw.com, kharwood@gapclaw.com,
smeziani@gapclaw.com), Kevin L. Sundwall (caseview.ecf@usdoj.gov,
kevin.sundwall@usdoj.gov, libby.oberg@usdoj.gov), Magistrate Judge Dustin B. Pead
(aimee_nagles@utd.uscourts.gov, dustin_pead@utd.uscourts.gov,
matthew_willey@utd.uscourts.gov, teri_sparrow@utd.uscourts.gov,
utdecf_pead@utd.uscourts.gov)
--Non Case Participants: Probation Office - Pretrial (utp_ecfnotice@utp.uscourts.gov,
utpml_pts_ecf@utp.uscourts.gov), US Marshals Office - Criminal Desk
(slcusm.cellblock@usdoj.gov)
--No Notice Sent:

Message-Id:4761060@utd.uscourts.gov
Subject:Activity in Case 2:21-mj-00255-DBP USA v. Shah Initial Appearance - Rule 5/5.1
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524-6100.**

**US District Court Electronic Case Filing System**

**District of Utah**

### Notice of Electronic Filing

The following transaction was entered on 3/30/2021 at 4:55 PM MDT and filed on 3/30/2021

**Case Name:**         USA v. Shah
**Case Number:**       2:21-mj-00255-DBP
**Filer:**
**Document Number:**   2(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Magistrate Judge Dustin B. Pead: Initial Appearance/Detention Hearing in Rule 5/5.1 Proceedings as to Jennifer Shah held on 3/30/2021. Defendant present with counsel and in custody. All parties appearing in person. Defendant is advised of rights and penalties. Waiver of Identity hearing is entered on the record. Government does not seek detention in this matter. The Court hears from the parties regarding proposed conditions of release. The Court imposes conditions and orders defendants release from USMS custody. SEE ORDER SETTING CONDITIONS OF RELEASE. Defendant agrees to all conditions of release on the record.**

Attorney for Plaintiff: Kevin Sundwall, Attorney for Defendant: Sam Meziani, CJA. Interpreter: Not Needed. Probation Officer: Jacob King. Court Reporter: Electronic/Zoom – Teena Green. (tls)
**2:21-mj-00255-DBP-1 Notice has been electronically mailed to:**

Kevin L. Sundwall     kevin.sundwall@usdoj.gov, CaseView.ECF@usdoj.gov, libby.oberg@usdoj.gov

Sam Meziani     smeziani@gapclaw.com, bwoods@gapclaw.com, kharwood@gapclaw.com

**2:21-mj-00255-DBP-1 Notice has been delivered by other means to:**

Case 2:21-mj-00255-DBP Document 4 Filed 03/30/21 PageID.31 Page 1 of 1
Case 1:21-mj-00255-DBP Document 64 Filed 03/30/21 PageID.131 Pages 15 of 20
AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Utah

United States of America )
v. )
Jennifer Shah )   Case No. 2:21-mj-00255 DBP
)
)   Charging District's Case No. S4 19 Cr. 833 (SHS)
*Defendant* )

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Southern District of New York.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☒ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 03/30/2021

*Defendant's signature*

*Signature of defendant's attorney*

SAM UZZIAN
*Printed name of defendant's attorney*

Case 2:21-mj-00255-DBP Document 5 Filed 03/30/21 PageID.13 Page 1 of 5
Case 2:23-mj-00255-DBP Document 65 Filed 03/30/21 PageID.132 Page 16 of 20

Order Setting Conditions of Release (Modified 07/07/20 UT)

# United States District Court

**FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH**

MAR 3 0 2021

D. MARK JONES, CLERK

BY _____ DEPUTY CLERK

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jennifer Shah** | **ORDER SETTING<br>CONDITIONS OF RELEASE**<br><br>Case Number: **2:21-mj-00255 DBP** |

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local or tribal law while on release in this case.

(2) The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant must appear in court as required and must surrender for service of any sentence imposed.

The defendant must next appear at (if blank, to be notified)

| Enter text. | on | Enter text. |
|---|---|---|
| | | PLACE |
| Enter text. | | Enter text. |
| | | DATE AND TIME |

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear in court as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

Enter text. dollars ($) Enter text.

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(6) The defendant must:

☒ (a) maintain or actively seek verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer.
☒ (b) abide by the following restrictions on his/her personal associations, place of abode, or travel:
   ☒ (i) maintain residence and do not change without prior permission from the pretrial officer.
   ☒ (ii) not travel outside the state of Utah without prior permission from the pretrial officer, the exception of SDNY for court related purposes.
   ☒ (iii) not travel outside the United States without prior permission from the Court.
☐ (c) maintain residence at a halfway house or community correction center.
☒ (d) avoid all contact with those named persons, who are considered either alleged victims, potential witnesses and/or codefendants.
☒ (e) report on a regular basis to the pretrial officer as directed.
☐ (f) not possess a firearm, ammunition, destructive device, or other dangerous weapon.
☐ (g) ☐ not use alcohol, ☐ not use alcohol to excess, ☐ not frequent establishments where alcohol is the main item of order.
☐ (h) not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C.§ 802 unless prescribed by a licensed medical practitioner. Prescriptions should be reported to the pretrial officer.
☐ (i) submit to drug/alcohol testing as directed by the pretrial officer; defendant shall pay all or part of the cost of the drug testing:
   ☐ (1) if testing reveals illegal drug use, the defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
   ☐ (2) if testing reveals illegal drug use, the court will be notified immediately, with further action to be determined.
☐ (j) you must submit to Remote Alcohol Testing and abide by all of the program requirements for a period of * days. You must pay all or part of the costs of participation in the program as directed by the pretrial officer.
☐ (k) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
☐ (l) undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
☒ (m) surrender any passport to the United States Clerk of the Court, District of Utah.
☒ (n) not obtain or apply for passport.
☒ (o) not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer.
☒ (p) not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others.
☐ (q) not view, access or possess any sexually explicit materials.
☐ (r) not have contact with those individuals under 18 years of age without adult supervision except as approved by the pretrial officer.
☐ (s) participate in one of the following location restriction program components and abide by its requirements as the pretrial officer instructs:
   ☐ (i) Curfew. You are restricted to your residence every day (Enter) from Enter to Enter or ☐ as directed by the pretrial officer; or
   ☐ (ii) Home Detention. You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer; or
   ☐ (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
   ☐ (iv) Inclusion Zone. You are required to be at the following location(s) at the following time(s): Enter text.

- ☐ (v) Exclusion Zone. You are restricted from the following area(s): Enter text.
- ☐ (t) be monitored by the form of location monitoring indicated below, and abide by all technology and program requirements. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services officer. No overnight travel without court approval.
    - ☐ (i) Radio Frequency (RF) Monitoring;
    - ☐ (ii) Global Positioning Satellite (GPS) Monitoring;
    - ☐ (iii) Voice Recognition Monitoring: Requires analog phone service at approved residence at participant's expense;
    - ☐ (iv) Virtual Monitoring Application: Requires smartphone with location services and push notification features enabled at participant's expense.
- ☐ (u) be monitored by the form of location monitoring technology, at the discretion of the pretrial services officer, and abide by all technology and program requirements. The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services officer. Due to the ongoing pandemic, the location monitoring equipment shall be installed no more than 14 days after release or sooner if reasonably practicable. Prior to installation, the person under supervision will be monitored by the U.S. Probation Office through telephone contact, virtual means (i.e., Zoom, FaceTime, Google Duo, SmartLink), and socially distant in-person meetings if necessary.
- ☒ (v) submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.
- ☐ (w) participate in the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program under a ☐ co-payment plan or ☐ non-co-payment plan, and will comply with the provisions outlined in:
    - ☐ (i) Appendix A - Limited Internet Access (Computer and internet use, as approved);
    - ☐ (ii) Appendix B - Restricted Internet Access (Computer access only, as approved);
    - ☐ (iii) Appendix C - Restricted Computer Access (No computer or internet access except for approved employment).

  All computers, internet accessible devices, media storage devices, and digital media accessible to the defendant are subject to manual inspection/search, configuration, and the installation of monitoring software and/or hardware.

  The defendant must submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that all computers, internet accessible devices, media storage devices, and digital media may be subject to searches pursuant to this condition.

- ☐ (x) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property.
- ☐ (y) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:
- ☐ (z) execute a bail bond with solvent sureties in the amount of $ Enter text.
- ☐ (aa) be placed in the custody of a third party, who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

  Name of person or organization
  Address
  City and state     (Tel no.)

  Signed:_____
  Custodian or Proxy

- ☐ (7) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

- ☐ (8) Attend Pretrial Pathways Program as directed by Pretrial Services.

- ☒ (9) Additional conditions:
- Defendant not to dissipate cash or assets from any personal or corporate account s/he controls in excess of $10,000 or more (per transaction) except for legal costs in the case or with prior consent of PTS and USAO;
- Defendant not to engage in telemarketing, lead generation for telemarketing, or fulfillment for telemarketing, or direct others to engage in telemarketing, lead generation for telemarketing, or fulfillment for telemarketing.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence will be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
City and State

## Directions to the United States Marshal

☒ The defendant is ORDERED released after processing.
☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: March 30, 2021

_____
Signature of Judicial Officer

DUSTIN B. PEAD - U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

Page **5** of **5**

20